968 F.2d 1227
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Cenon R. DOMINGUEZ, Petitioner,
v.
MERIT SYSTEMS PROTECTION BOARD, Respondent.
 No. 92-3002.
 United States Court of Appeals, Federal Circuit.
 May 14, 1992.
 
 Before PLAGER and LOURIE, Circuit Judges, and BENNETT, Senior Circuit Judge.
 DECISION
 PER CURIAM.
 
 
 1
 In 1978, Cenon R. Dominguez applied for Civil Service Retirement Act (CSRA) retirement benefits. His application was denied November 7, 1978, and Dominguez appealed. The Merit Systems Protection Board (MSPB or Board) sustained the denial on July 30, 1982. Dominguez again filed an appeal with the Board on December 1, 1989, seeking reconsideration of the earlier decision. The MSPB Administrative Judge (AJ) dismissed the appeal as barred by res judicata on March 29, 1990. Dominguez filed a petition for review with the full Board on April 11, 1990. His attorney then withdrew from the case. Dominguez' petition was rejected on May 11, 1990 as lacking a certificate of service, and he was given 30 days to re-file. His response arrived thirty five days later; the MSPB informed Dominguez that his response was untimely and that he was required to show "good cause" in order for his appeal to be considered. Over five months later, Dominguez responded with an affidavit primarily alleging that severe financial difficulties had prevented him from attaining replacement counsel and responding within the deadline. The Board held that Dominguez had failed to establish good cause, and dismissed his petition. Dominguez appeals here. We affirm.
 
 DISCUSSION
 
 2
 As noted above, Dominguez filed a timely petition for review with the MSPB on April 11, 1990. However, that petition lacked the requisite certificate of service. 5 C.F.R. § 1201.26(b)(2). The MSPB properly rejected the petition, and gave Dominguez a thirty day period for correcting his error. This Dominguez failed to do, and the MSPB then properly informed Dominguez that his response was untimely. 5 C.F.R. § 1201.22(c) ("within the time set by ... order of a judge....").
 
 
 3
 Once the MSPB finds that a petition is untimely, the burden shifts to a petitioner to file an affidavit averring detailed information establishing "good cause" for his tardiness. 5 C.F.R. § 1201.114(d). If the MSPB is satisfied that good cause has been shown, then the appeal may continue. However, the MSPB has broad discretion in its decisions to waive the regulatory time limit for the filing of petitions for review. Phillips v. United States Postal Service, 695 F.2d 1389, 1390 (Fed.Cir.1982). We review such decisions of the MSPB under a highly deferential standard--we will reverse if the decision was arbitrary, an abuse of discretion, or otherwise not in accordance with the law. 5 U.S.C. § 7703(c) (1988). Id.
 
 
 4
 Here, Dominguez alleges that extreme financial difficulties prevented him from obtaining replacement counsel in time to respond to the MSPB's rejection of his initial petition for review. We are sympathetic to Dominguez' situation. However, our authority is limited to determining if the MSPB has abused its discretion in finding that Dominguez failed to establish good cause. Here, we are satisfied that the MSPB decision was within the realm of permissible discretion. The MSPB gave full consideration to the facts of the case, and acted in accordance with precedents holding petitioners primarily responsible for the prosecution of their claims. See, e.g., Rowe v. Merit Systems Protection Board, 802 F.2d 434, 438 (Fed.Cir.1986) ("After all, as the saying goes, 'it was his head that was on the chopping block,' and not his attorney's. He had a personal duty to monitor the progress of his appeal at all times and not leave it entirely to his attorney.") The MSPB's decision was in accordance with its policy of strictly enforcing time limits. In light of our highly deferential standard of review, we must affirm.